THE VANDEVELD LAW OFFICES, P.C.
Curtis c. Van de veld
Gill & Perez House, Second Floor
Hagatna, Guam 96910
Telephone No. (671) 472-4396
Email: Curtis@vandeveld.attorney

*Counsel for Petitioner Mark S. Smith*

FILED
DISTRICT COURT OF GUAM
APR 10 2025
JEANNE G. QUINATA
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| MARK S. SMITH, | Case No. 25-00016 |
| Petitioner, | |
| v. | PETITION FOR JUDICIAL REVIEW |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | |
| Respondent. | |

## NATURE OF ACTION

1. This is a petition for judicial review of administrative orders issued by the United States Department of Housing and Urban Development ("HUD") in administrative case numbers HUDOHA 17-JM-0135-PF-004, OGC Case No. 15-0076-PF, and HUDOHA 18-JM-0208-PF-010, OGC Case No. 18-0026-PF. Administrative Law Judge J. Jeremiah Mahoney entered an order on or about November 15, 2024, and Secretarial Designee Andrew Hughes issued a final Order on Secretarial Review on or about February 11, 2025. The orders found that petitioner Mark S. Smith submitted 25 false and fraudulent claims to HUD and imposed assessments totaling $532,872, and civil penalties totaling $202,500 for a total penalty of $735,372 pursuant to the Program Fraud Civil Remedies Act ("PFCRA"), 31 U.S.C. §§ 3801-3812.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 31 U.S.C. § 3805 and 5 U.S.C. §§ 702 and 704 and related statutes and constitutional requirements.

3. Venue is proper in the District of Guam under 31 U.S.C. § 3805 because Mr. Smith resides and transacts business in the District of Guam and the claims or statements upon which the determination of liability is based were made, presented, or submitted in the District of Guam.

4. Counsel for Mr. Smith is serving this petition by electronic mail on attorney William Doolittle, who represented HUD in the administrative proceedings, and Assistant United States Attorney Mikel Schwab.

## GROUNDS FOR REVIEW

5. Mr. Smith reserves the right to add to, supplement, and amend the following grounds or claims for review and to submit briefing and argument in support of his claims at a later time. The administrative orders were unlawfully withheld and unreasonably delayed. They were arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law. They were contrary to constitutional rights, in excess of statutory jurisdiction, authority, and limitations, and short of statutory rights. The orders were without observance of procedure required by law. They were unsupported by substantial evidence and unwarranted by the facts.

6. The administrative orders were issued without jurisdiction for exceeding the $150,000 jurisdictional cap under the version of the PFCRA applicable in this case. *See* 31 U.S.C. § 3803(c); *Roberts v. Shinseki*, 647 F.3d 1334, 1341 (Fed. Cir. 2011).

7. The assessments totaling $532,872 and civil penalties totaling $202,500 for a total penalty of $735,372 violate the Excessive Fines Clause of the Eighth Amendment, the Due Process and Double Jeopardy Clauses of the Fifth Amendment, and the governing statutes and regulations, including the maximum penalties in 31 U.S.C. § 3802(a)(2) and 24 CFR § 28.10, and 24 CFR § 28.40(b).

8. The administrative orders' interpretation of 24 CFR § 982.161 and the term

"covered individual," which was the basis of the alleged false and fraudulent claims, was erroneous and that regulation is unconstitutionally vague on its face and as applied and otherwise violates due process as interpreted in the administrative orders.

9. The statements in the alleged fraudulent claims were not false, were immaterial, lacked a sufficient mens rea, and otherwise failed to meet the requirements for liability under 31 U.S.C. § 3802. *See, e.g.*, *Universal Health Services, Inc. v. United States*, 579 U.S. 176 (2016).

10. The administrative orders granting summary judgment and the penalty without a hearing and without affording Mr. Smith sufficient time violated statutory requirements, including 31 U.S.C. § 3803, the applicable regulations, and due process, and were otherwise erroneous.

11. The administrative orders were not based on substantial evidence, lacked adequate factual support, failed to comply with the standards for summary judgment, and otherwise violated statutory requirements, the applicable regulations, and due process.

**PRAYER FOR RELIEF**

ACCORDINGLY, for the reasons given above and to be submitted in briefing at an appropriate time, Petitioner prays for judgment vacating the administrative orders in full, or reducing the monetary penalties imposed, or for such other and further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED this 10th day of April, 2025.

By: _____
*C*URTIS C. Van de veld
*Counsel for Mark S. Smith*